IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEE WILLIAM DICKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION .2:16-cv-203-MHT-TFM |
| | ) |
| JIMMY BROWN, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed in this Court on March 28, 2016. In his Complaint Plaintiff asks the Court to reconsider the denial of his Social Security benefits. (Doc. 1). This Court issued an Order noting that the Court dismissed a related action (2:16cv204-MHT-TFM) pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(I) and required the Plaintiff to advise the Court whether "he intends to pursue the action styled *Dickerson v. Jimmy Brown*, 16-203 or whether he desires for this case to be dismissed in the same manner as 16cv204." (Doc. 9). Plaintiff failed to respond to the Court's Order. Thereafter, the Court issued an Order directing Plaintiff to show cause for his failure to respond on or before October 24, 2016 and stating as follows:

> **The plaintiff is specifically cautioned that if he fails to file a response as required by this order, the court will treat his failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute his action and the undersigned will commended that this case be dismissed for**

**such failure.**

(Doc. 10). Plaintiff again failed to respond to the Order of this Court. The Court, therefore, concludes that this case should be dismissed.

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. Indeed, the Court concludes that Plaintiff's failure to comply with the two Orders of this Court requiring a response (Docs. 9 and 10) especially considering the cautionary language contained in the last Order warrants dismissal of this action. *Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 ( 11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's order directing amendment and warning of consequences for failure to comply.)

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or before **November 14, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 27th day of October, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE